**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**April 18, 2003**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 02-30191

_____

HAROLD YOUNG, Etc.; et al.,

Plaintiffs,

HAROLD YOUNG, Individually and as owner of Harold's Barber Shop
and Sweet Shop, and Harold's Residential Apartments; DWAN BROWN;
TOMMIE LEE BROWN; DEBORAH SINGLETON; CURTIS RICK COLEMAN,

Plaintiffs - Appellants,

VERSUS

SPRINT SPECTRUM LP, Etc., et al.

Defendants,

SPRINT SPECTRUM LP, aka Sprint PCS, aka Sprint Personal
Communications,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana, New Orleans
00-CV-2523-M

_____

Before: DAVIS, HALL[*], and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[**]:

Appellants did not come forward with sufficient evidence to create a genuine issue of material fact that Sprint was a state actor. Appellants point to nothing beyond conclusory allegations to support their argument of a conspiracy between Sprint and anyone else that would give rise to a cause of action under 42 U.S.C. § 1985. Assuming, <u>arguendo</u>, that Appellants' 42 U.S.C. § 1981 claims did not require state action, Appellants have still failed to come forward with evidence to rebut Sprint's legitimate nondiscriminatory reasons for why they placed the monopole in appellants' neighborhood. <u>Enplanar, Inc. v. Marsh</u>, 11 F.3d 1284, 1294-95 (5th Cir. 1994) (to defeat summary judgment in 42 U.S.C. § 1981 action, plaintiffs must come forth with sufficient evidence to rebut a defendant's proffered nondiscriminatory

---

[*]U.S. Circuit Judge, Ninth Circuit, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-2-

reasons).  The district court therefore properly granted summary adjudication on Appellants' federal claims.

Appellants have not identified sufficient evidence to support a claim for damages based on emotional distress or mental anguish.  Although Appellants also raised other issues of error in regard to the district court's grant of summary adjudication on other state law claims, their briefs failed to explain how the district court erred.  We therefore do not consider them.  United States v. Tomblin, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995) (this court generally does not consider issues raised but not supported by legal authority).

**AFFIRMED.**